UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-00207-CRS

WALTER ALEXANDER, JR.  PLAINTIFF

v.

KAYLA EDLIN, *et al*  DEFENDANTS

## **MEMORANDUM OPINION**

Plaintiff, Walter Alexander, Jr., by counsel, filed this 42 U.S.C. § 1983 action on April 25, 2023. The Complaint alleges that in connection with a motor vehicle accident caused by defendant Kayla Edlin, the remaining named defendants – Kentucky State Troopers – used excessive force against Alexander by shooting at him. Alexander alleges he sustained several gunshot wounds in connection with the incident. Alexander has also pleaded a common law claim for negligence against Edlin and the Kentucky State Trooper defendants (Dillion Spencer and Isaac Atwell). Alexander seeks compensatory and punitive damages.

On October 19, 2023, the Court granted, in part, defendants Atwell and Spencer's unopposed Motion to impose a stay. They sought a stay based on the pendency of state criminal charges against Alexander that arose from the same series of events and that were pending in the Circuit Court for Hardin County, Kentucky. Defendants Atwell and Spencer asserted that the results of those criminal charges would bear directly on their defense to Alexander's excessive-force claims in this civil action. Motion, DN 6. They sought a stay through any appeal of the criminal charges against plaintiff Alexander. *Id.* The Motion was unopposed. On October 19, 2023, the Court granted the Motion in part – declining to impose a stay through the pendency of any appeal from the resolution of the criminal case. Order, DN 13.

Additionally, the Court ordered the parties to submit a joint status report within seven business days of the entry of its Order or the date on which the state-court criminal charges were resolved whichever came earlier. *Id.* The parties never filed a report. Instead, a year has gone by with no action in this case. Now, this matter is before the Court on defendants Atwell and Spencer's Rule 41(b) Motion to Dismiss for failure to prosecute (DN 14). Defendants filed their Motion on August 20, 2024. They seek dismissal without prejudice. *Id.* at PageID# 82. Plaintiff has not opposed the Motion and the time for doing so has lapsed. LR 7.1 ("Unless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion."). Given these circumstances, it appears to the Court that Plaintiff, who carries the burden of moving this case forward, has lost interest in pursuing his claims. Further, while defendant Edlin has not moved to dismiss, the same conclusion pertains to Plaintiff's claims against her. Accordingly, the Motion to Dismiss will be granted by separate order.

October 16, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: *Counsel of Record*